UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHESTER SAVANT,

                              Plaintiff,

          -vs-                                            13-CV-605JTC

PROFILE MANAGEMENT, INC.

                              Defendant.

---

## INTRODUCTION

On June 10, 2013, plaintiff, Chester Savant, filed a complaint alleging various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* Defendant, Profile Management, Inc., failed to appear and defend this action, which resulted in the Clerk of the Court's entering of default on July 26, 2013. Item 7. Presently before the court is plaintiff's motion for default judgment pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. Item 8. For the following reasons, plaintiff's motion is granted.

## DISCUSSION

**1. Default Judgment Standard**

Before obtaining default judgment, a party must first secure a Clerk's Entry of Default by demonstrating, by affidavit or otherwise, that the opposing party is in default. Fed.R.Civ.P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true, except for those relating to

the amount of damages.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

In considering whether to enter default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment.  Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of the default judgment.  *See* Fed.R.Civ.P. 55(b)(2).  Damages must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation."  *Flaks v. Koegel,* 504 F.2d 702, 707 (2d Cir. 1974).  All reasonable inferences from the evidence presented are drawn in the moving party's favor.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

2. **Liability**

As set forth in the complaint, the facts are straightforward.  In approximately April 2013, defendant began collection activities on a debt allegedly incurred by plaintiff.  In late April 2013, defendant began to telephone plaintiff's and left a message without identifying the name of the company.  Instead, the defendant identified itself as the District Attorney's office and threatened to file charges against the plaintiff.  On June 5, 2013, defendant called plaintiff's telephone more than six times, causing the phone to ring excessively and repeatedly. Plaintiff never received the required written validation letter within five days of the initial communication.  Item 1, ¶¶ 15-22.

Plaintiff alleges a number of violations under provisions of the FDCPA, including sections 1692e, 1692e (2), (5), (10), and (11), 1692f, and 1692g.  These provisions of

Title 15 prohibit various acts, including false or misleading representations in connection with the collection of a debt, threats to take action that cannot legally be taken or is not intended to be taken, and the use of unfair or unconscionable means to collect a debt.  Additionally, a debt collector is required, within five days after the initial communication with a consumer regarding the collection of a debt, to send the consumer a written validation notice setting out the amount of the debt, the name of the creditor, and a statement of various consumer rights.  *See* 15 U.S.C. ¶ 1692g.  As plaintiff has sufficiently alleged defendant's violations of the FDCPA, liability under the FDCPA is established.

**3. Damages**

Section 1692k(a)(2)(A) authorizes the court to award up to $1,000 in statutory damages per plaintiff for any violation of the FDCPA. The specific amount of statutory damages, not to exceed $1,000, falls within the court's discretion. *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 86 (2d Cir.1998).  Factors to be considered by the court in determining an appropriate statutory damages award include the frequency, persistence, and nature of the debt collector's noncompliance, the debt collector's resources, the number of individuals adversely affected, and the extent to which the debt collector's non-compliance was intentional. See 15 U.S.C. § 1692k(b)(1).  Awards of the $1,000 statutory maximum are typically granted in cases where the defendants' violations are "particularly egregious or intimidating." *Cordero v. Collection Co.,* 2012 WL 1118210, *2 (E.D.N.Y. April 3, 2012).

By virtue of the entry of default, defendant is deemed to have admitted the well-pleaded allegations of the complaint, including identifying itself as the District Attorney's office and threatening to lodge criminal charges against the plaintiff, and the failure to provide a written validation notice.  Under the circumstances, the court awards plaintiff a total of $750 in statutory damages pursuant to 15 U .S.C. § 1692k(a)(2)(A). *See Dayton v. Northeast Fin. Solutions,* 2009 WL 4571819, *2 (W.D.N.Y. December 7, 2009) (court awarded statutory damages of $750 where defendant misrepresented itself as a law firm and made frequent telephone calls threatening both civil litigation and Class B felony criminal charges).

### 4.  Attorneys' Fees and Costs

The FDCPA also provides for the recovery of reasonable attorney's fees and costs by successful litigants.  *See* 15 U.S.C. § 1692k (a)(3) (permitting recovery of, "in the case of any successful motion to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"). In determining a reasonable fee, district courts should set a reasonable hourly rate, bearing in mind case-specific variables, and then use the reasonable hourly rate to calculate a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F.3d 110, 117 (2d Cir. 2007).  There is a presumption in favor of the hourly rates employed in the district in which the case is litigated.  *Simmons v. New York City Transit Auth.*, 575 F.3d 170, 174–75 (2d Cir. 2009). Thus, the court must consider the prevailing market rate in the Western District

of New York for "similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984).

Here, plaintiff's attorney has affirmed that he expended 8.56 hours of time on the case, while a paralegal spent 2.10 hours. Plaintiff's attorney charges an hourly rate of $225 and the paralegal charges $90 per hour. While plaintiff's attorney has described himself as experienced in FDCPA litigation, he has been admitted to practice in New York for less than five years.[1] The court finds the number of hours expended on the case to be reasonable, but the requested hourly rates excessive when compared to the prevailing market rates in this district for FDCPA cases. *See Halecki v. Empire Portfolios, Inc.,* ___ F.Supp.2d ___, 2013 WL 3442678 (W.D.N.Y. July 09, 2013) (awarding hourly rate of $250 for experienced attorney, $140 for new attorney); *Hance v. Premier Recovery Group, Inc.*, 2013 WL 85068, *2 (W.D.N.Y. January 7, 2013) (awarding hourly rate of $225 for experienced attorney, $200 for newer attorney, and $50 for paralegal staff); *Fajer v. Kaufman, Burns & Associates,* 2011 WL 334311, *3 (W.D.N.Y. January 28, 2011) (awarding hourly rate of $215 for experienced attorney, $175 for newer attorney, and $75 for paralegal staff). Accordingly, the court determines that plaintiff's attorney's hourly rate should be reduced to $175 and the paralegal rate should be reduced to $75 per hour. Accordingly, the court awards attorney's fees in the amount of $1655.50 - 8.56 hours at $175 per hour ($1498) and 2.10 hours at $75 per hour ($157.50). The court has reviewed the plaintiff's request for costs and finds

---

[1] Information regarding the admission date of plaintiff's attorney, Jacob J. Scheiner, was found in *Hirsch v. ANI Mgmt. Grp., Inc.,* 2013 WL 3093977, *4 n. 1 (E.D.N.Y. June 18, 2013).

the $471.55 request for filing, service of process, postage, and photocopying fees to be reasonable.

## CONCLUSION

Accordingly, plaintiff's Motion for Default Judgment (Item 8) is GRANTED. Plaintiff is awarded $750.00 for defendant's violations of the FDCPA, $1,655.50 in attorney's fees, and $471.55 in costs. The Clerk of the Court is directed to close this case.

So Ordered.

_____\s\ John T. Curtin\_\_\_\_
JOHN T. CURTIN
United States District Judge

Dated:  September 4   , 2013
p:\pending\2013\13-605.aug28.2013